

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>L.E. SCRIBNER, Warden,<br><br>Respondent. | NO. CV 06-4302-RSWL (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation filed June 11, 2008, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.

In his Objections, Petitioner raises a new ground not set forth in his original petition.[1] The Court will not consider it. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their

---

[1] Petitioner's Objections raise a cumulative error ground on his ineffective assistance claims. (Objections at 74, 77, 82, 86-87, 93, 101, 103.)

strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978 (1993); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."), *cert. denied*, 514 U.S. 1026 (1995).

Even assuming this Court were to consider the new ground, Petitioner's claim of cumulative error is meritless. Cumulative error may occur in the case of alleged ineffective assistance of counsel. *See Boyde v. Brown*, 404 F.3d 1159, 1176 (9th Cir. 2005) ("We must analyze each of his claims separately to determine whether his counsel was deficient, but 'prejudice may result from the cumulative impact of multiple deficiencies.'" (quoting *Cooper v. Fitzharris*, 586 F.2d 1325, 1333 (9th Cir.1978) (en banc)). Petitioner argues that the "cumulative impact" of the errors in Points 1-32 of Ground Four was prejudicial. (*See, e.g.*, Objections at 74.) Because the Court has already found no prejudice in these points, there can be no cumulative error.

Petitioner's request for an evidentiary hearing is DENIED. (Objections at 2-3.) He is not entitled to an evidentiary hearing because he does not show that a hearing would enable him to prove factual allegations which, if true, would entitle him to federal habeas relief. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citation omitted). Taking into account the deferential standards under the AEDPA, a district court is not required to hold an evidentiary hearing if the record refutes the petitioner's factual allegations or otherwise precludes habeas relief. *Id.* "'[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.'" *Id.* (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)). Petitioner cannot make the requisite showing under any ground for relief. *See, e.g., Schriro*, 127 S. Ct. at 1940, 1942, 1944 (petitioner not entitled to evidentiary hearing on ineffective

assistance of counsel claim when petitioner could not show prejudice); *Phillips v. Woodford*, 267 F.3d 966, 987 (9th Cir. 2001) (petitioner did not meet requirements for evidentiary hearing on failure to preserve evidence claim).

Petitioner's request for judicial notice is DENIED. Petitioner renews a request for judicial notice he filed on November 2, 2007, in which he asks the Court to take notice of audio and video tapes of a police interview of Petitioner on April 18, 2001. Such evidence is not suitable for judicial notice under Fed. R. Evid. 201(a)-(b). Moreover, Petitioner fails to show that the evidence would be of any use to the Court in rendering its decision. Petitioner's contention that the tapes would be superior to "a cold transcription of this evidence" (Request at 3) is conclusory and unsupported.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 20, 2008

RONALD S.W. LEW
United States District Judge

3